Emmett J. Schnepp, J.
The Town of Gates after a two-year comprehensive plan study adopted a zoning ordinance in 1964 which classified a 12-acre vacant parcel of land situated at the southeast corner of Chili Avenue and Beahan Road in an R-8A residence district. Petitioners seek to annul the action of the Town Board on July 12, 1971 in amending the ordinance and rezoning the property in a B-l business district. The present owner purchased the property in 1964 shortly after the adoption of the ordinance.
The rezoning application was made by Wegman Enterprises, Inc., as agent for the land owner. These parties contemplate a long term lease of the land with Wegmans erecting on the site a food market with 30,000 square feet, a drug store with 15,000 square feet and sundry shops such as barber shops, beauty parlors and dry cleaning containing 3,000 square feet. The property to the north, east and south of the site is also zoned in an R-8A district and has developed as residential property. The property to the west is zoned in a B-l district, and contains a Red Barn Restaurant, large shopping center, and other commercial facilities. Permitted uses in a R-8A district consist of dwellings, schools, churches, medical and office building uses, but excluding the selling, manufacturing, servicing or storing of merchandise upon the premises. Permitted uses in a B-l district include permitted uses in a R-8A district, and in addition commercial and business uses including retail sales. The board by resolution granted the application subject to certain conditions relating to a buffer zone, *294 architecture, traffic and site facilities and the condition “ that said application for the construction of a retail .supermarket by Wegman Enterprises, Inc. and related commercial structures shall inure to the benefit of Wegman Enterprises, Inc. only, and for that specific purpose only ’ ’.
A municipality has the power to amend its zoning ordinance after adoption, but such amendment must be for the purpose of promoting the general welfare. The judgment and determination of the Town Board is conclusive unless shown to be arbitrary and the burden of establishing arbitrariness rests with the petitioner. The guidelines for use in determining the validity of any such amendment have been firmly established and the Court of Appeals has stated ‘1 the relevant inquiry is not whether the particular zoning- under attack consists of areas fixed within larger areas of different use, but whether it was accomplished for the benefit of individual owners rather than pursuant to a comprehensive plan for the general welfare of the community ”. (Rodgers v. Village of Tarrytown, 302 N. Y. 115, 124.)
In examining the facts herein in the light of these rules the following findings are apparent. The amendment was for the specific use of the subject property as a retail supermarket and commercial structures for the benefit of the applicant only. The applicant testified generally About the many requests which were made for a Wegman Food Market in the south part of the Town of Gates. There is no proof, however, of an inadequacy of areas in the vicinity of the property in question, which may be devoted for uses permitted in a B-l district to serve the reasonable needs of the community or neighborhood or that it was necessary to increase the amount of land available in the area for such use. The proof does show that a shopping center is located immediately west of the .rezoned property, an IGA store situate one-half mile from the site recently failed and a Wegman Food Store one and one-half miles from the site is in operation. It may be pointed out that, in any event, the question is not whether a Wegman supermarket is needed in the area, but whether there is a need to increase the amount of land available in the area for uses permitted in a B-l district. Further, the board considered the proposed specific uses only and gave no consideration to the various other uses permitted as a matter of right in a B-l district. Indeed under the amendment, other authorized uses under the zoning ordinance would not be permitted and in the event Wegmans did not develop the site, the zoning amendment by its own terms would fall and the land revert to the B.-8A zoning classification. It also appears that the developed residential community in the area is of good quality and the *295 business use will result in a detriment to the neighboring residential owners and have an adverse effect upon the market value of their property.
Based upon the foregoing conditions it is clear that the application was granted solely to permit the owner and applicant to establish a supermarket and related commercial structures on the site for their sole benefit and with no relation to the public health, safety or welfare. The court finds that the rezoning was not in furtherance of any comprehensive plan for the general welfare of the community and that the action of the Town Board was arbitrary and illegal and accordingly is annulled.